# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-151 |
| | ) | |
| SALEM HOLDING COMPANY, | ) | |
| and SALEM LEASING | ) | |
| CORPORATION, d/b/a SALEM | ) | |
| NATIONAL LEASE, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Defendants Salem Leasing Corporation d/b/a Salem National Lease has moved the Court to reconsider its Order, doc. 17, denying its motion for leave to file a third-party complaint as untimely. Doc. 21. Alternatively, it seeks to amend the Scheduling Order to permit the filing. *Id.* at 1. As the motion presents no argument that the prior Order's determination that the motion was untimely was incorrect, it is **DENIED in part**.[1] Doc. 21. However, the Court finds that defendant has shown

---

[1] Defendant protests that its submission of the motion for leave to file the third-party complaint was attributable to "counsel's mistaken, yet reasonable, belief that the Motion for Leave had been timely filed based on the prior discussions and submissions to the Court." Doc. 21 at 5. It argues that the belief was reasonable, notwithstanding the Scheduling Order's unambiguous deadline, because defendant had "represented .

sufficient cause to amend the Scheduling Order. *See* doc. 21 at 5-6. Accordingly, the motion is **GRANTED in part**. *Id.* The Scheduling Order's deadline to add parties or amend pleadings is extended until November 25, 2020.

Because the Court grants the request to amend the Scheduling Order, Federal Rule of Civil Procedure 14 governs the propriety of the defendant's impleader. *See* Fed. R. Civ. P. 14(a). As the previous motion, and the Court's Order, pointed out, "[w]hether a third-party defendant may be impleaded under Rule 14 is a question addressed to the sound discretion of the trial court." Doc. 17 at 4 (quoting *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 682 (N.D. Ga. 2007)); doc. 14 at 3. The Court is satisfied that the motion to implead the third-party defendant was not unreasonably delayed, that the impleader will not delay or unduly

---

. . that defendants would file for leave to amend within 14 days from the Notice." *Id.* The notice in question was submitted after a status conference and states, in relevant part, that defendants "anticipate[ ] filing a motion for leave to file a third-party complaint within 14 days from the date of this letter." Doc. 10 at 1 (filed on August 27, 2020). The motion for leave to file the third-party complaint was filed on the fourteenth day. *See* doc. 14 (filed on September 10, 2020). The Court notes, first, that the fourteen-day period contemplated by the notice was substantially within the Scheduling Order's deadline. It is questionable, then, whether the notice could have been reasonably construed as informing the Court of defendant's intent to file outside that deadline. Regardless, parties cannot unilaterally—for example, by "informing" the Court of their intentions—alter deadlines. Thus, there was—and, indeed, there remains—no question that the motion was untimely.

complicate the action, and that there is no apparent prejudice to either the new or non-moving party. See *DeRubeis*, 244 F.R.D. at 682.

Accordingly, the motion for leave to file the third-party complaint, doc. 21 at 6, is **GRANTED**. The Clerk is **DIRECTED** to file the Third-Party Complaint against J.H. Seale and Son Inc., doc. 14-1. Defendant / third-party plaintiff Salem Leasing Corporation shall be responsible for effecting service upon third-party defendant J.H. Seale and Son, Inc. Within thirty days of third-party defendant J.H. Seale and Son's appearance, the parties are **DIRECTED** to confer and submit an amended Rule 26(f) Report, including all of the information required by Judge Baker's Rule 26 Instruction Order, doc. 2.

**SO ORDERED,** this 20th day of November, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA